Willie, Chief Justice.
The appellants sued out a writ of attachment against the property of A. Grill, and had the same levied by the appellee, Ward Taylor, then sheriff of Marion county, upon a stock of goods and the counters and shelving in the store house where the goods were situated, and upon the store house itself and the lot upon which it stood. Previous to the levy of this attachment Taylor had levied other similar writs upon the goods, lot and store house, and his deputy who made the levy testified that he supposed in so doing he was levying upon everything in the store. The plaintiff, however, was the only party who specially directed a levy upon the counters and shelving. Taylor sold the goods under the attachments at public sale to E. W. Taylor, who thereafter occupied the store for some time in disposing of them to others. The purchase money of the goods was not sufficient to satisfy the attachment levied upon them, and the store house and lot were subsequently sold at sheriff’s sale in satisfaction of the balance. This last sale was made after Taylor went out of office by his successor, and the proceeds did not pay the balance due upon the attachments having priority over that of the appellants.
Subsequently, an order to sell the counter and shelves in satisfaction of appellant’s judgment was delivered to his successor. The latter testified that Taylor had not turned over to him any property seized under the attachments; that he had not opened the door of the store house for the purpose of getting at the shelving and counters, because he could not do so without breaking the doors, which he did not think he could lawfully do. He supposed the keys were in the possession of the owner. The counters and shelving remained in the store from the date of the levy down to the time of the trial, and were at that time in as good condition as ever and the store was unoccupied. Ward *664 Taylor stated that he had exercised no control or custody over the shelves and counter since he sold the goods to E. W. Taylor. This suit was brought against Taylor and the sureties on his. Ibond to recover the value of these articles, upon the ground that he had negligently permitted the property to pass from his possession, and the plaintiff’s security had been thereby destroyed; and Gill being insolvent, they had no means of collecting their judgment in the attachment suit.
The court below rendered judgment for the defendants, and from that judgment this appeal is taken.
It does not appear from the evidence that the defendant in attachment, or any purchaser or lien holder under him, or any other attaching creditor, was laying any claim whatever to the-shelving and counters in opposition to the appellant’s right. to sell the same under his attachment proceedings. The property was claimed by no one, and the only obstacle in the-way of its sale under the foreclosure of the appellant’s lien was-the fact that it was locked up in the store house in which it had been originally used, and which had been seized under the same-writ that was levied upon the above articles. Hence the law applicable to cases where the sheriff has allowed attached personalty to so far pass from his control as to lead purchasers and subsequent attaching creditors, without notice, to deal with it as if' in the possession of the defendant in attachment, can not here have full application. But even in those cases he is not always, required to have actual manual possession of the attached property, but may hold such reasonable possession of it as is sufficient to give him control over it, and may entrust it to a servant or agent, for whose acts he will be responsible. (Baldwin v. Jackson, 12 Mass, 131; Train v. Wellington, Id., 494; Myers v. Myers, 8 Louisiana An., 369; Drake on Attachment, section 292a.)
It is not very clear, therefore, that a third party, whose claim to the property arose at any time after the levy of the plaintiff’s, writ, could have successfully contended that the levy was abandoned, by reason of the neglect of the sheriff to keep the property within his legal control. Ho third party setting up a claim to it, we think it may still be sold in satisfaction of appellant’s lien. It was property necessarily used in carrying on a store. It was-left by the sheriff with the goods in the store house where it was situated, all these articles having been levied on under the same attachment. He kept possession until the goods were sold to E. W. Taylor, and then allowed him to use the store house, shelving *665 and counters to dispose of the goods he had purchased. This made Taylor a custodian of the counters and shelves under the sheriff, not a claimant in opposition to him. How long he occupied this position is not made clear by the evidence, but it is not shown that any one else ever had possession of the store or its contents, in opposition to the sheriff, down to the time the house was sold by Sheriff Taylor’s successor in office under attachment.
The sheriff testified that he himself exercised no control or custody over the goods, but he evidently meant that he took no personal supervision of them. What amounted to a constructive custody, or a right to control, was matter of law, and the sheriff would have found himself mistaken had he negligently lost the goods, or allowed them to pass into the adverse possession of some one claiming in opposition to the lien of the attachment. The law would have made him responsible for their value. When we take into consideration the fact that no one has ever set up claim to the property in opposition to the sheriff; that at the expiration of his term of office it was in a condition to pass to his successor, and that it was on hand ready to answer to the order of foreclosure decreed against it, down to the date of this trial, it becomes perfectly apparent that there has been no abandonment or loss of lien as between the sheriff and the attaching creditor.
It is claimed that the failure to make a formal transfer of the property to his successor, and the fact that it was under lock in the store house and the keys probably in the hands Of the party who had bought the house at sheriff’s sale, show an abandonment and a destruction of the lien of the attachment. The sections of the Revised Statutes cited by counsel, as making it the duty of the sheriff to turn over to his successor property of this kind, refer to a species of property altogether different; to money, scrip, instruments of writing, etc. (Rev. Stats., arts. 1458, 1459, 1460.) This appears not only from the description of the property given in the statute, but also from the requirement that it shall be deposited in a safe or bank vault, which would be a difficult undertaking as regards the property under consideration.
It was, however, the duty of Taylor’s successor to carry out the mandates of the attachment writ and the judgment'rendered in the case, and for the purpose of doing so he was entitled to the custody of this property and to sell it in satisfaction of the judgment. (Rev. Stats., art. 2285.) An order of sale was given him for that purpose, which he failed to' obey on the ground that he *666 could not get possession of the counters and shelving without breaking open the door of the store house, the keys being, as he supposed, in the possession of the parties who had purchased the store house at sheriff’s sale. Ho effort to obtain the keys was shown, and for aught that appears from the evidence, they were at the command of the sheriff, and the property being still in the store house, and not appearing to be claimed by anyone adversely to the sheriff, no reason is shown why it may not be subjected to the satisfaction, of the appellant’s judgment. It was at the time of the trial below in as good a condition and as valuable as when levied on, and worth more than the amount of the judgment at the date of the order of sale, and we can not see in what respect the appellants are damaged by the failure of Sheriff Taylor to make a formal transfer of the property to his successor.
Opinion delivered October 28, 1887.
Under the facts of the case we think the judgment below was correct, and it is affirmed.

Affirmed.